# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:10cv256

| | |
|---|---|
| CONNEA BOONE on behalf of Troy Alexander Bridges, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | **ORDER** |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) ) | |
| Defendant. ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's original Motion to Receive New and Material Evidence [Doc. 10] and her newest motion, denominated as a "Motion to Receive New and Material Evidence," but is styled within its text as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. [Doc. 16]. This Court has, to date, entered no orders other than a Scheduling Order in this matter. [See Docket Sheet].

The instant case is an appeal of the unfavorable decision of ALJ Overton that the minor Plaintiff was not disabled during the period April 1, 2008 through the decision date, December 30, 2009.

The original Motion [Doc. 10], filed April 7, 2011 offers an opinion about mental impairments and limitations from Mindy Pardoll, Psy.D., Licensed Psychologist, stemming from a one-hour evaluation dated July 15, 2010. [Doc. 10-1]. This case was still pending before the Appeals Council at that time; its August 27, 2010 decision indicates that Plaintiff did not submit the opinion of Dr. Pardoll to that body. [T. 1-3]. Counsel had access to that evidence, as he represented Plaintiff in both claims.[1] [Doc. 16-1 p. 5]. As such, it cannot be deemed to have been "new" at the April 7, 2011 filing date of this Motion. Moreover, Dr. Pardoll's post-decision evaluation questions the subjective information upon which it is necessarily based. [Doc. 10-1 p. 5]. Plaintiff does not indicate that the opinion suggests "marked" or worse limitations in the functional domains, and when compared to the longitudinal record for the claim period, at best it indicates a worsening of condition. As such, the proffered opinion is not material. See Borders v. Heckler, 777 F.2d 954, 956 (4th Cir.1985). The Motion [Doc. 10] will, therefore, be denied.

Plaintiff's newest motion [Doc. 16] offers a later favorable decision issued by Administrative Law Judge [ALJ] Charles R. Howard finding that

---

[1] James Toms, listed in the later decision as Plaintiff's representative at the hearing, is the legal assistant to Plaintiff's attorney of record in this case.

the minor Troy Bridges was disabled from December 31, 2009 through his decision date, June 30, 2011.

Plaintiff urges the Court to note ALJ Howard's reliance on the opinion of Dr. Pardoll. Because Dr. Pardoll's opinion was not "new" or "material," as explained above, this argument must fail.

She also notes his reliance on the record of Gordon D. Smith, LPC, signed on March 12, 2008. [Doc. 16 p. 5-6]. Dr. Smith's opinion, having existed for 21 months before the decision appealed from, is not "new."

Counsel has not submitted the Smith record. Nor has he made any other argument in favor of its admissibility than that it is important to the child's family. [Doc. 16 p. 7]. Emotional entreaties do not fulfill counsel's Rule 11 obligations in any respect. It is of concern to the Court that counsel, who has represented Plaintiff since November 2008 [T. 97], nonetheless cites to Dr. Smith's 2008 opinion stating that "with reasonable diligence [it] could not have been discovered earlier" than August 15, 2011. [Doc. 16 p. 2, 7]. Counsel offers no explanation as to how he would have ben unaware of such a document for the nearly three years of his representation.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motions to Receive New and Material Evidence [Doc. 10 & 16 ] are **DENIED**.

**SO ORDERED.**

Signed: August 20, 2011

Martin Reidinger
United States District Judge